NATIONAL BANK OF PORT CLINTON *v.* ROTH.

(Decided December 7, 1935.)

*Messrs. Graves & Duff* and *Mr. George C. Bryce,* for plaintiffs.

*Messrs. Boggs & Chase, Mr. L. C. Rupp* and *Mr. William Moon,* for defendants.

LLOYD, J. On the respective dates below given, three separate actions to foreclose three separate mortgages on different parcels of real estate were commenced in the Court of Common Pleas, as follows:

March 18, 1932—*National Bank of Port Clinton* v. *J. F. Roth et al.,* No. 9071;

August 11, 1934—*Albert J. Holzhauer et al., Trustees,* v. *J. F. Roth et al.,* No. 9611;

September 8, 1934—*Herman Brokate* v. *J. F. Roth et al.,* No. 9632.

On December 10, 1934, when these actions were reached for trial, orders were made therein, as appear from the transcript of the journal entries, as follows:

In 9071: "Ordered that this case be consolidated with cases numbered 9611 and 9632 for purposes of trial. James Hopfinger, substituted for National Bank of Port Clinton, by consent of counsel."

In 9611: "Case ordered consolidated with cases numbered 9071 and 9632 for purposes of trial."

In 9632: "Ordered that this case be consolidated with cases numbered 9071 and 9611 for purposes of trial."

The trial or trials then proceeded, the same evidence being submitted as applicable to the issues in all of them. Thereupon the trial court rendered separate decrees, separately journalized in each case, fixing the appeal bond at $200 in each case in which the parties desired to appeal. To effect this appeal of all three cases, Ida and Frances Roth each filed but one separate appeal bond, each in the sum of $200. Each of these bonds recites that it is given in favor of the "National Bank of Port Clinton, Hermon Brokate and Albert J. Holzhauer, Harry A. Smith, and Earl D. Wilson, as Trustees of the Trusteed Assets of National Bank of Port Clinton," on an appeal taken to the Court of Appeals "from a certain judgment rendered against her in favor of said plaintiffs whose cases are consolidated in the Court of Common Pleas." Hopfinger, the substituted plaintiff in case No. 9071, is not mentioned in either of them. Motions have been filed in this court to dismiss the appeal for the reason that as shown by the journal entries of the Common Pleas Court the three actions were not in fact consolidated as provided by Section 11369, General Code, but were tried together on the same evidence as a matter of convenience in their disposition.

Section 11369, General Code, provides that: "If it appears * * * the actions could have been joined and if the court, or a judge thereof, finds that they ought to be joined, they shall be consolidated."

The causes of action alleged in the three petitions of the respective plaintiffs seek to have the amounts due on different promissory notes determined and a decree foreclosing mortgages on different pieces of real estate. The plaintiffs are different in each of the actions, the amounts due are different, and the real estate in each to be foreclosed is a different parcel. By cross-petition, Ida and Frances Roth, the appellants, made the claim that they had judgment liens on the several parcels of real estate and that each of the parcels, prior to the giving of the mortgages thereon, had been conveyed by the then owner thereof to the mortgagors with the knowledge and collusion of the mortgagees for the purpose of hindering, delaying and defrauding his creditors. The issues common to all were those made by Ida and Frances Roth in their respective cross-petitions, but otherwise the actions were separate and distinct causes of action. We are at a loss to know what the nature of the entry would be that this court could make. Into which of the actions the other two were merged, the entry of the Court of Common Pleas does not provide. There are still three cases on the docket of that court in which separate judgments have been entered and separate appeal bonds ordered. The Clerk of the Court of Common Pleas sends to this court three separate transcripts of the docket and journal entries—one for each of the actions there commenced and tried—and in none of them, except in the entry hereinabove referred to, is any mention made of either of the others. The bonds of the appellants recite the taking of an appeal from a certain judgment "in favor of the plaintiffs whose cases are consolidated," but on the contrary it appears that there are three actions and three decrees based on separate findings.

The Court of Common Pleas, in a written opinion,

so captioned them, as do counsel for both plaintiffs and defendants in their briefs. There is one appeal bond by each of the appealing defendants, but in which action either is filed, or was intended to be filed, this court is not informed and has no way of learning.

In our opinion the motions to dismiss should be and therefore are granted.

*Appeals dismissed.*

OVERMYER and CARPENTER, JJ., concur.