## MASSACHUSETTS BONDING & INS CO v LOPEZ

Ohio Appeals, 9th Dist, Wayne Co

No 945. Decided April 17, 1936

Paul Rowland, Cleveland, S. L. Heckman, Cleveland, and Robert Critchfield, Wooster, for plaintiff in error

Persky & Loeb, Cleveland, and H. R. Smith, Wooster, for defendant in error.

### OPINION

By STEVENS, J.

This action is before this court upon error proceedings prosecuted from the

Common Pleas Court of Wayne County, in which court the positions of the parties were the reverse of those now occupied by them.

Reference will be made to the parties as they appeared in the trial court.

On November 30, 1931, plaintiff, Irene Lopez, was injured while riding as a passenger in a bus owned and operated by Nevin Bus Lines. Because of that injury she filed suit against said company in case No. 30706, Wayne County Common Pleas Court, and on the 20th of December, 1932, she obtained a judgment against the Nevin' Bus Lines in the sum of $2400 and costs.

Thirty days having elapsed and said judgment being unsatisfied, action was brought against the defendant, Massachusetts Bonding & Insurance Co., to recover the amount of said judgment and costs from it, upon the claim that said Nevin Bus Lines was insured by said defendant against liability for bodily injuries arising from the negligent operation of its busses, and that said insurance was in force at the time plaintiff's cause of action arose, all of the foregoing under favor of §§9510-4, GC.

Defendant insurance company answered, claiming that its insurance coverage of the busses of said Nevin Bus Lines had expired long before plaintiff's cause of action arose, and denying any liability on its part, if it should be found that said policy was in force, and said insurance coverage in effect, because of the assured's failure to give it notice of said accident, or notice of the filing of said damage suit, or to co-operate with it in any way, in conformity to the express provisions of said policy.

Upon trial to the court, a jury having been waived by the parties, finding and judgment in favor of plaintiff were entered. That judgment is sought to be reversed in this proceeding.

At the outset of the hearing before this court, Lopez filed a motion to strike the bill of exceptions from the files: first, because the same was not signed by the trial judge within the time prescribed by law, and second, because the same was not filed in the Common Pleas Court within the period prescribed by law.

Our consideration of said motion leads us to the conclusion that, considering all of the facts and circumstances in connection therewith, said motion is not well taken, and the same is overruled.

The insurance policy upon which plaintiff claims a right to recover from defendant provides under item 7 of the schedule of statements as follows:

"7. The policy period shall be twelve months, beginning on the 25th day of May, 1929, at noon, and ending on the 25th day of May, 1930, at noon, standard time, at the place where the automobiles are usually maintained as stated in the statements hereof."

The policy also provides that the company "does hereby agree (1) to indemnify the named assured against loss by reason of the liability imposed by law upon the assured for damages on account of (a) bodily injuries and or death to any person or persons * * * accidentally suffered or alleged to have been suffered within the policy period * * *."

The following is contained in the Public Utilities Commission of Ohio endorsement:

"And the said company for the consideration aforesaid, by the policy of insurance to which this endorsement is attached, hereby insures and agrees to indemnify the assured during the term of said policy or any renewal thereof, against loss * * *.

"The policy to which this endorsement is attached shall not expire nor shall cancellation take effect until after ten (10) days' notice in writing, by the company, shall have first been given to the Public Utilities Commission of Ohio, at its office in Columbus, Ohio, said ten (10) days' notice to commence to run from the date notice is actually received at the office of the commission.

"Effective date, August 28th, 1929.

"Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the under-mentioned policy other than as above stated."

It is upon this 10-days'-notice-in-writing provision of the Utilities Commission endorsement that plaintiff claims the right to recover against this defendant: it being contended that defendant failed to give said 10 days' notice in writing of the expiration of said policy to said commission, and that said policy therefore continued in effect after the expiration date therein expressly provided.

It is conceded that no premium was paid by the assured for the purpose of continuing said policy in force after the policy period stipulated in the policy, and it is aparent from the record that, after the expiration date of defendant's policy, other and different insurance was obtained by

the Nevin Bus Lines to take the place of said insurance furnished by defendant.

The sole question here presented is whether or not the failure of defendant to notify the Public Utilities Commission in writing of the expiration of said policy of insurance, served to continue said policy in force beyond the date limited by the policy provision, and beyond the time for which the named assured had paid the premium upon said policy, when new insurance coverage upon the busses of the Nevin Bus Lines had been procured by said company and deposited with said Utilities Commission at the insistence of said commission.

The record discloses that the policy of insurance issued by defendant was filed with the Utilities Commission of Ohio on May 30, 1929, and has been in the possession of the commission ever since that time.

That policy, upon its face, provided that it expired on May 25 1930, at 12 o'clock noon.

The policy was filed in pursuance of the statutes of Ohio, and the rules and regulations of the Utilities Commission, and was approved by the commission when filed.

It is a maxim almost as old as the law itself, that the law does not require the doing of a vain thing.

The Utilities Commission knew, when it accepted and approved the insurance policy issued by defendant, that the policy upon its face provided for an expiration date of May 25, 1930; it also knew that provisions for the payment of premiums were not stipulated beyond the policy period. It was therefore apprised in writing at all times subsequent to May 30, 1929, that said policy would expire on May 25, 1930; and the subsequent conduct of the commission in requiring the bus line company to file other insurance after the expiration date of defendant's policy, shows that the commission not only knew of the expiration of defendant's policy but acted upon that knowledge.

We hold that said policy of insurance issued by defendant to Nevin Bus Lines expired on the date stipulated in the policy itself, notwithstanding no separate written notice to the commission of the expiration date thereof was given, and that there exists, therefore, no right of recovery in plaintiff against this defendant.

However, should we be in error in the foregoing conclusion, it appears from this record that certain specific motor vehicles of the Nevin Bus Lines were covered by the policy of defendant. There is no evidence in this record that plaintiff sustained the injury for which she recovered her judgment against the bus line company while riding upon one of the motor vehicles covered by defendant's policy of insurance; and it would scarcely be claimed that there existed in plaintiff a right to recover against this defendant if her injury was sustained while riding in a vehicle upon which defendant did not carry the insurance coverage.

To us it seems that it would indeed be a strange measure of justice which would permit the plaintiff to recover from this defendant under the facts disclosed by this record.

The judgment, being contrary to law, is reversed, and final judgment in favor of defendant insurance company is entered, at plaintiff (Lopez's) costs.

FUNK, PJ, and WASHBURN, J, concur in judgment.