CAMPBELL, ADMX., APPELLANT, *v.* DANIELS MOTOR FREIGHT, INC., ET AL., APPELLEES.
CAMPBELL, APPELLANT, *v.* DANIELS MOTOR FREIGHT, INC., ET AL., APPELLEES.

[Cite as Campbell v. Daniels Motor Freight, Inc., 8 Ohio App. 2d 244.]

(No. 400—Decided November 16, 1966.)

*Messrs. Pickrel, Schaeffer & Ebeling, Mr. James F. Barnhart* and *Mr. J. Harry Leopold,* for appellants.
*Messrs. Eastman, Stichter, Smith & Bergman, Mr. John Eastman, Mr. Donald E. Williams, Messrs. Green, Schiavoni, Murphy & Stevens* and *Mr. Joseph Schiavoni,* for appellees.

Guernsey, J. This proceeding was docketed in this court as a single appeal from two separate actions initiated in the Common Pleas Court of Putnam County. In case number 18329 in that court the cause of action of Alverda L. Campbell, as administratrix of her husband's estate, to recover for the estate damages for pain and suffering and for medical and hospital expenses resulting from injuries received by decedent in an automobile collision was joined with her cause of action as administratrix to recover damages for his wrongful death for the benefit of his survivors. Case number 18330 was the action of Alverda L. Campbell, individually and in her own right, to recover damages for her pain and suffering, medical and hospital expenses, and loss of compensation, resulting from injuries received by her in the same collision. By journal entries filed in each action on June 28, 1965, the trial court ordered "that the respective cases are consolidated *for purposes of trial.*" (Emphasis added.) Thereafter, amended pleadings were filed in each case and the actions were heard together before a jury. At the close of the plaintiffs' evidence, pursuant to motion, the trial judge directed a verdict for the defendants. Findings of fact and conclusions of law, judgment entry and notice of appeal, consisting respectively of single documents captioned for both cases, were prepared, signed and filed.

Upon the hearing on appeal, the attention of the parties was invited by this court to the duplicitous nature thereof. Not-

withstanding, they have agreed that the ''appeal be considered as an appeal of both of the foregoing Common Pleas Court cases, and any judgment rendered herein shall be applicable to both actions.'' Although there are cogent arguments against our proceeding in an appeal of this duplicitous character (see 4 Corpus Juris Secundum 145, Appeal & Error, Section 37; *National Bank of Port Clinton* v. *Roth*, 52 Ohio App. 427; *Fielder, Admr.*, v. *Ohio Edison Co.*, 158 Ohio St. 375; and *Bostrom* v. *Jennings*, 326 Mich. 146, 40 N. W. 2d 97), nevertheless, by reason of the agreement of all the parties, by reason of the resultant waiver of objection by those parties who could have objected, by reason of the enactment of Section 2307.191, Revised Code, and the repeal of Section 2309.06, Revised Code, relating to joinder of causes of action, by reason of the dual caption on the notice of appeal, and for the reason that the view which we take of the merits of the actions does not prejudice the parties who could have objected to the duplicity, we will proceed to consider this appeal as if the actions would have been, or were, consolidated by the trial court for all purposes. We will thus reserve any conclusions that we might have on the question of duplicity of appeals to some other appeal and some other situation.

It is undisputed in evidence that on July 1, 1962, during daylight hours, Mr. Campbell was driving an automobile, in which his wife was a passenger, in a westerly direction on U. S. Route No. 224 in Putnam County outside of a municipality; that at the point in question Route No. 224 intersects with Putnam County Road No. 11-J, which runs in a northerly and southerly direction; that as they approached the intersection one Marvin Stechschulte, driving an automobile north on Road No. 11-J, stopped momentarily at its intersection with Route No. 224; that as the Campbells reached the intersection Stechschulte drove his car into the left side of the Campbell car causing Campbell to lose control thereof; and that the Campbell car thereupon traveled in a northwesterly direction colliding with the rear end of a truck tractor, owned by defendant Kimmel and leased by him to the defendant Daniels Motor Freight, Inc., which tractor had broken down five to six days before, had been parked in the same position since pulled from the roadway of Route No. 224, and, though repairs had been at-

tempted, was still inoperable. It is from this dual collision that Mrs. Campbell and her husband sustained injuries, his being followed by his death.

It is further undisputed in evidence that the truck tractor was parked so that no part of it was on the paved roadway of Route No. 224, but was parked between the north line of the roadway and the north line of the right of way of that route, and west of a line extended south from a row of utility poles located to the west of the paved portion of Road No. 11-J. The precise location in which it was parked within the latter area at the time of the collision was in some doubt but in consideration of the testimony, the physical location of an oil spot resulting from the repair work, the location of a gouge mark on the highway, and by construing the evidence most favorably to plaintiffs, it must be concluded that the left rear wheel of the truck tractor was then located upon the edge of the asphalt apron curving from north to west joining the paved roadway of Road No. 11-J to the paved roadway of Route No. 224, and that no warning flags were displayed in the vicinity of the truck tractor at the time of the collision.

The plaintiffs offered no evidence of probative value to establish the location of the right of way lines of Road 11-J near to and at their juncture with the right of way lines of Route No. 224, except diagrams, photographs, and testimony tending to show that the improved portion of Road 11-J was bounded on its west side by a line of utility poles, which line, if extended, was east of the gouge mark on the pavement which tended to establish the easternmost limit of the truck tractor at the time of the collision. In fact, the Putnam County Engineer, called as a witness by the plaintiffs, testified that he had examined the county records and could find no record of the right of way of Road 11-J.

The allegations of plaintiffs' amended petitions raise the issues of the defendants' negligence in parking the truck tractor "within the intersection" and without the placement of warning flags along the north side of Route No. 224. The negligence of Stechschulte was acknowledged by all the parties, but it was alleged and admitted that in consideration of substantial payments made to the plaintiffs they had executed covenants not to sue him for their respective damages, and that the damages

sought in the instant actions are those in excess of the payments thus made.

Appellants assign error of the trial court:

1. In concluding as a matter of law that, there being no evidence of the location of the boundaries of the right of way of Road 11-J, there is no evidence that the disabled tractor was parked within an intersection;

2. In failing to conclude as a matter of law that the position of the tractor was such as to require the placement of flags as prescribed by Section 4513.28, Revised Code;

3. In failing to find that the conduct of Kimmel in leaving his tractor in the position in which it was allowed to remain for a period of five to six days was evidence of negligence and formed a proper issue for the jury;

4. In sustaining motions for a directed verdict at the conclusion of the plaintiffs' evidence;

5. In concluding as a matter of law that Stechschulte's negligence was the sole proximate cause of the collision between the vehicles of plaintiffs and defendants;

6. In permitting defendants to cross-examine a deputy sheriff on the question of whether he took any action to have the tractor removed from the time it broke down to the time of the collision; and

7. In permitting counsel for defendant Daniels to cross-examine defendant Kimmel on whether he reported the breakdown to Daniels.

With application to the first assignment of error, Section 4511.68, Revised Code, provides, in pertinent part:

"No person shall stand or park a * * * vehicle * * * in any of the following places:

"* * *.

"(C) Within an intersection;

"* * *"

Section 4511.01(II), Revised Code, defines the word "intersection" as meaning "the area, bounded by the lateral lines, real or projected, of two or more public streets or highways which meet or cross each other."

Section 4511.01(Z), Revised Code, defines the phrase "street or highway" as meaning "the entire width between the

boundary lines of every way open to the use of the public as a thoroughfare for purposes of vehicular travel.''

The plaintiffs had the burden of proving defendants' negligence by a preponderance of the evidence. The boundaries of the intersection being in issue, the plaintiffs had to offer some evidence tending to prove that the lateral lines, real or projected, of each of the intersecting highways bounded the area in which the vehicle of defendants, or some part thereof, was parked. The portion of the curved apron joining Road 11-J to Route No. 224, upon which the left rear wheel of the truck tractor stood, was unquestionably within the right of way lines of Route No. 224 but it was not within the intersection of these highways unless it was also within the ''lateral lines, real or projected'' of Road 11-J. When the evidence offered by the plaintiffs as to the location of the lateral lines, real or projected, of Road 11-J did not include evidence of probative value that such lines, in conjunction with the lateral lines, real or projected, of Route No. 224, bounded the area in which the defendants' vehicle, or some part thereof, was parked, the plaintiffs failed to sustain their burden, and it would have been mere speculation, and pernicious, to submit such issue to the jury. *Peters* v. *B. & F. Transfer Co.*, 7 Ohio St. 2d 143. We conclude that the trial court did not commit error in determining as a matter of law that there was no evidence of a violation of Section 4511.68, Revised Code, and thus no evidence of negligence per se on the part of the defendants in that respect. Plaintiffs' first assignment of error is, therefore, without merit.

As here applicable, Section 4513.28, Revised Code, provides:

''(D) Whenever any vehicle * * * is disabled upon the traveled portion of a highway or the shoulder thereof, outside of any municipality, * * * the operator of such vehicle * * * shall display two red flags *upon the roadway in the lane of traffic occupied by the disabled vehicle* * * *, one at a distance of forty paces or approximately one hundred feet in advance of the vehicle * * *, and one at a distance of forty paces or approximately one hundred feet to the rear of the vehicle * * *.'' (Emphasis added.)

Although the phrase, ''lane of traffic,'' is not defined by statute, it is obvious that as used in this statute a ''lane of

traffic" is "upon the roadway." "Roadway" is defined by Section 4511.01(CC) as meaning "that portion of a highway improved, designed, or ordinarily used for vehicular travel, except the berm or shoulder." *Ergo*, if a disabled vehicle is parked on the berm or shoulder of Route No. 224, off that part of that highway ordinarily used for vehicular travel, it does not occupy a lane of traffic. Under such circumstances it is impossible to display red flags "upon the roadway in the lane of traffic occupied by the disabled vehicle," and there is no statutory requirement that they be otherwise displayed. *Lex non cogit ad impossibilia*, the law requires nothing impossible. There being no statutory requirement on the facts herein for the defendants to display red flags along the north side of Route No. 224, they could not have been guilty of negligence per se by failing to do so. Plaintiffs' second assignment of error is without merit.

Plaintiffs' third assignment of error is based on a claim, in effect, that permitting the truck tractor to be parked in the position it was for a period of five to six days presented an issue of ordinary care to be determined by the jury. Implicit in this claim is, of course, a contention that the position and manner in which a disabled vehicle may be parked may initially not constitute negligence on the part of its operator because of the emergency considerations then existing but that the passage of time thereafter without removing the vehicle or changing its position may ripen into failure of the operator to use ordinary care. We are of the opinion that such is not the case on the facts here. As has heretofore been seen, there was no proof of the violation of Sections 4511.68 and 4513.28, Revised Code, in the position or manner in which the disabled vehicle was parked, either at the time of the original parking or at the time of the collision. In other words, those statutes have been complied with as well as has Section 4511.66, Revised Code, prohibiting parking "upon the paved or main traveled part of the highway," etc. It will further be observed that under the provisions of Section 4511.67, Revised Code, whenever a police officer finds a vehicle standing upon a highway in violation of Section 4511.66 he may move such vehicle, or require the driver or other person in charge to move same, "to a position off the paved or improved or main traveled part

of such highway.'' These various sections constitute general and comprehensive legislation prescribing minutely a course of conduct as to parking on a highway and lay down statutory standards of care replacing the precautions enjoined by common law. *Thompson* v. *Ford,* 164 Ohio St. 74, and *Jones* v. *Wehri,* 118 Ohio App. 111. It is apparent from these various sections that, except as specifically prohibited by Section 4511.68, or other statute, upon any highway outside a business or residence district one may park his vehicle off of the paved *or* main traveled part of the highway and leave it so parked indefinitely without, for such reason alone, becoming civilly liable for a violation of either a statutory or common-law standard of care. In view of the fact that modern highway construction in Ohio almost universally includes a tarbound or paved shoulder or berm, designed specifically for the purpose of providing protection to the edge of the paved roadway or to provide a place for the occasional parking of vehicles, we must conclude that a vehicle may be legally parked, though not disabled, *either* when it is parked off the paved part of the highway *or* when it is parked off the main traveled part of the highway. Under any view of the facts, defendants' truck tractor was legally parked at the time of the collision, there was no issue of common-law negligence for the jury, and plaintiffs' third assignment of error is without merit.

There being no issues of negligence for the jury, there were no issues of proximate cause for the jury, and the trial court did not commit error prejudicial to the plaintiffs in concluding as a matter of law that Stechschulte's negligence was the sole proximate cause of the collision with defendants' vehicle nor did it commit error in sustaining their motion for a directed verdict at the conclusion of the plaintiffs' evidence.

As the causes were properly withheld from the jury for failure of proof of negligence, it does not appear that the plaintiffs were prejudiced by the admission of the evidence complained of in their sixth and seventh assignments of error, even if such admission constituted error, which we do not decide.

As we find no cause for reversal, we do not consider or determine the existence of the error claimed by the defendant Daniels Motor Freight, Inc., appellee herein, in its single assignment of error. Section 2505.22, Revised Code.

This court finding no error prejudicial to the plaintiffs in any of the particulars assigned and argued, the judgments of the trial court for the defendants are affirmed.

*Judgments affirmed.*

YOUNGER, P. J., and MIDDLETON, J., concur.