## Warren v. Walsh
*[Cite as 2 AOA 357]*

Case No. 56586
Cuyahoga County, (8th)
Decided March 1, 1990

R.C. 4511.13
R.C. 4511.42
R.C. 4511.46
R.C. 4511.48

*William D. Moore, Esq. 620 Leader Building, 526 Superior Avenue, N.E. Cleveland, Ohio 44114, For Plaintiffs-Appellants.*

*John S. Polito, Esq. 1142 Hanna Building, Cleveland, Ohio 44115 For Defendants-Appellees.*

CORRIGAN, J.

The plaintiffs, husband and wife, appeal from a jury trial judgment for the defendants in the plaintiffs' negligence action for injuries sustained when an automobile owned by one of the defendants and driven by the other defendant struck the wife as she crossed a street.

The jury found the wife to be 80 percent negligent and the trial court entered a verdict for the defendants. See R.C. 2315.19(C) (trial court required to enter verdict for defendants where plaintiffs's negligence exceeds total negligence of all defendants). The trial court thereafter overruled the plaintiffs' new trial motion. The plaintiffs, in two assignments of error, claim that (1) the jury rendered a verdict contrary to the weight of the evidence, and (2) the trial court erred in denying their motion for a new trial. These claims have merit, so we reverse the trial court's judgment and remand the cause for a new trial.

I.

Much of the evidence adduced at trial relates to the issue of damages. Since this appeal primarily involves the issue of liability, we recount only evidence relevant to that issue here.

At trial the plaintiffs sought to prove that the defendant driver, while making a left-hand turn from a side street onto a main street, negligently struck the pedestrian as she crossed the side street within the boundaries of the crosswalk. The defendants argued at trial that the accident resulted from the pedestrian's attempt to hurry across the street outside of the crosswalk.

The accident occurred on December 19, 1985, at approximately 2:30 in the afternoon. The weather was clear and bright, although snow remained on the ground from a recent snowfall. At the intersection where the accident occurred, a main street runs north and south and a side street runs east and weast. A traffic light controls the intersection which includes marked crosswalks. The automobile struck the pedestrial at or near the intersection's south crosswalk. The parties do not dispute that the driver struck the plaintiff wife after making a left-hand turn from the side street's westbound center lane into the main street's southbound center lane. The automobile struck the victim as she attempted to cross the main street from the southwest corner to the southeast corner.

The plaintiffs called the driver as an adversary witness during their case in chief. The driver further testified on her own behalf. She claimed that the accident occurred between 2:45 p.m. and 3:00 p.m. She stated that she had been stopped at the intersection waiting for the light to change. When the light changed, she turned left. She claimed that she saw no pedestrians near the intersection or the crosswalk as she made her turn. Immediately before she completed her turn, she focussed her attention on traffic coming from her right. The driver testified that as she entered the center lane of the main street she heard a "thud". Believing that she may have struck a pile of snow, she immediately stopped the automobile. Several seconds later, a bystander approached the car and told the driver that she had struck a pedestrian.

The driver claimed that her automobile was travelling less than five m.p.h. as she made her turn. The driver identified six photographs of the accident scene apparently taken by police officers immediately following the accident. The pictures show the automobile stopped alongside the main street's double-yellow center line and approximately twelve feet south of the crosswalk.

The driver stated that, although she did not see where the automobile struck the pedestrian, she believed that the contact must have occurred immediately in frny of the driver's side door since a friend later found a piece of eyeglass in the front windshield duct. The driver denied racing through the intersection at thirty-five m.p.h. in a attempt to beat the traffic light. She further denied that she cut her turn short.

The pedestrian testified that at approximately 2:30 p.m., she was returning to her automobile which was parked on the opposite side of the main street. She had finished running several errands and intended to pick up her children from elementary school. The pedestrian testified that she generally picked up her children at 3:05 and estimated the travel time from the location where the accident occurred to her children's school as amounting to twenty minutes. She admitted that in prior deposition testimony she stated that she had to pick up her children at 2:45.

The only fact that the pedestrian remembered concerning the accident was that immediately prior to the accident she was standing on the curb in front of the crosswalk waiting for the light to change. She could not recall where she was in the street when the automobile struck her, nor could she recall where in the street she landed after being stricken. The pedestrian stated that she did not hear or see the automobile before the collision. She denied that at the time of the accidet she was rushing in order to pick up her children on time.

The plaintiffs called as a witness a man who claimed that he observed the accident. The eyewitness testified that at approximately 2:30 p.m., he was standing on the southeast corner of the intersection waiting for the light to change in order to cross to the southwest corner. He observed the pedestrian across the street from him standing at the crosswalk. When the light changed, the pedestrian began to cross the street in the crosswalk. As the pedestrian reached the center of the street, the eyewitness observed an automobile make a sharp left turn from the side street, striking the pedestrian and tossing her into the air. The witness estimated the speed of the vehicle to have been approximately thirty-five m.p.h. He stated that the pedestrian landed astride one of the crosswalk lines.

The plaintiffs further called as a witness a police officer who responded to the scene of the accident and who interviewed the pedestrian at the hospital. The officer testified from the report he filed in connection with the accident. In his report he noted that the pedestrian claimed that

she was unsure whether she was in the crosswalk when struck. She did state that she stepped off of the curb from a point where the snow had been shovelled and the officer noted in his report that this path had been shoveled adjacent to the center of the crosswalk. The report stated the time of the accident as being 2:53 p.m.

## II.

The plaintiffs, in their first assignment of error, argue that the jury's verdict is contrary to the weight of the evidence.

Generally, the weight of the evidence and the credibility of the witnesses are issues to be resolved by the trier of fact. Cf. *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St 3d 77, 79-80. Accordingly, a judgment supported by some competent, credible evidence shall not be disturbed on appeal as being against the manifest weight of the evidence. *Id.* at 80. In making this determination, a reviewing court must make every reasonable inference in support of the judgment. *Id.* at n.3. Where the evidence is susceptible to more than one construction, a reviewing court is bound to give the evidence the interpretation most consistent with the verdict and judgment. *Id.*

This case involves the duty of care that a motor vehicle operator has toward a pedestrian crossing a street and the duty of care a pedestrian has when crossing a street. Both statutory law and common law governs this conduct.

Generally, a pedestrian has the right of way in crossing at a marked or unmarked crosswalk when facing a green light at an intersection controlled by a traffic control signal. R.C. 4511.13(A) (3). Where a pedestrian crosses a roadway outside of a marked crosswalk or of an unmarked crosswalk at an intersection, the pedestrian must yield the right of way to vehicles. R.C. 4511.48(A). Whether a pedestrian crosses a street within the boundaries of a crosswalk or without, no pedestrian shall suddenly step from the curb into the path of an oncoming vehicle. R.C. 4511.46(B). Further, the fact that a pedestrian crosses at a point where there is no crosswalk does not relieve the operator of a vehicle from exercising due care in avoiding the pedestrian. R.C. 4511.48(E).

Violation of these specific duties imposed by law constitutes negligence *per se*. Cf. *Grossman* v. *McClain* (1988), 40 Ohio St. 3d 359, 362. However, while violation of these statutes constitutes negligence *per se*, both motor vehicle operators and pedestrians have a common-law duty to proceed with reasonable care. See *Holding* v. *Chappel* (1987), 41 Ohio App. 3d 250, 252 (driver has common-law duty of reasonable care); *Saade* v. *Westley* (May 15, 1986), Cuyahoga App. No. 50637, unreported (pedestrian crossing in a crosswalk must be aware of traffic and act accordingly).

In this case the evidence demands the conclusion that the driver's negligence outweighed any negligence on the part of the pedestrian and proximately caused her injuries. The evidence substantiates and the parties do not dispute the fact that the pedestrian crossed the intersection from west to east. The driver's own testimony indicates that her vehicle struck the pedestrian somewhere forward of the driver's side door. The inescapable conclusion is that the pedestrian was within the driver's forward line of sight as she made her turn.

However, the driver claimed that she failed to see the pedestrian at any point:

"Q. But you did not see a pedestrian there?

"A. No, I didn't.

"Q. Did you see pedestrians at this corner (indicating)?

"A. No, I did not.

"Q. Under five miles an hour and you can't see someone crossing the street?

"A. I did not see anyone cross the street.

"Q. But they were there?

"A. I don't know.

"Q. Obviously?

"A. I don't know if they were there."

The driver's own testimony reveals that she did not act with ordinary care in ascertaining whether pedestrians were clear of her vehicle as she made her left turn. To the contrary, she admitted that her attention was directed to oncoming traffic from the eastbound lane. However, a driver must determine whether a left-hand turn can be accomplished without posing a hazard to oncoming traffic prior to attempting the turn. Cf. R.C. 4511.42 (right-of-way when turning left). Once the turn is safely commenced, the driver's attention should be focussed on the direction that the vehicle is travelling in order to ensure the safety of pedestrians and other drivers. Since the evidence, especially her own testimony, clearly establishes that the driver failed to discharge her duty in this regard, the jury could not reasonably conclude that her negligence did not primarily result in the pedestrian's injuries.

The plaintiff's first assignment of error has merit.

In their second assignment of error, the plaintiff argues that the trial court erred in overruling their motion for a new trial. The plaintiffs moved for a new trial claiming that the trial court's judgment was against the manifest weight of the evidence (Civ. R. 59(A)(6)) and contrary to law (Civ. R. 59(A)(7)).

A motion for a new trial shall be addressed to the sound discretion of the trial court and accordingly shall not be reversed absent a showing that the trial court acted arbitrarily, unconscionably, or unreasonably. Cf. *Siegel* v. *Mt. Sinai Hospital* (1978), 62 Ohio App. 2d 12, 23. In light of our foregoing discussion, we conclude that the trial court abused its discretion in overruling the plaintiff's new trial motion. Accordingly, we reverse the trial court's judgment and remand the cause for a new trial.

*Judgment reversed and*
*cause remanded.*

NAHRA, J., Concurs;
KRUPANSKY, P.J., Dissents

KRUPANSKY, J., Dissents:

I respectfully dissent and would affirm the trial court's judgment in its entirely based on the manifest weight of the evidence.

For over one century the State of Ohio has charged all juries with the duty of weighing the evidence and assessing the credibility of witnesses. *Hollenbeck* v. *McMahon* (1875), 28 Ohio St. 1, at 9. It is axiomatic that in a negligence claim, a plaintiff must prove "the existence of a duty, a breach of duty and an injury resulting proximately therefrom." *Menifee* v. *Ohio Welding Products Inc.* (1984), 15 Ohio St. 3d 75, 77 (citations omitted).

Judgments which are supported by "some competent credible evidence going to all essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris* v. *Foley Construction Co.* v. *Loeb* (1988), 37 Ohio App. 3d 188.

Indeed, the majority itself relies on *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St 3d 77, 79, 80, to support the proposition that, *viz.*, (1) a reviewing court must make every reasonable inference in support of the judgment and (2) a reviewing court is bound to give the evidence the interpretation most consistent with the verdict and judgment. *Seasons Coal, supra* at 80. A reviewing court may not substitute its judgment for that of the trier of fact. *Simon* v.

*Lake Geauga Printing Co.* (1982), 69 Ohio St. 2d 41, 45.

In my opinion, the credibility of the witnesses played a vital role in the jury's verdict. The rule that appellate courts ordinarily not tamper with witness credibility is based on sound judgment and steeped in *stare decisis*. One of the rare times an appellate court must tackle the issue of witness credibility is when an assigned error is based on the verdict being against the manifest weight of the evidence. After reviewing the transcript in the case *sub judice*, it can be gleaneed from the written page the testimony of some witnesses lacked credibility.

For example, Mr. Anderson, the only other eyewitness to testify, gave conflicting testimony. In his signed statement made the same day of the accident, Mr. Anderson never mentioneed defendant made a fast or sharp left turn, which Anderson later stated at trial. Further, Mr. Anderson stated at trial defendant was travelling at "thirty to thirty-five miles per hour." This information was not included in the police report. Anderson's testimony is difficult to reconcile with the physical evidence. If the defendant's vehicle collided with the plaintiff at thirty to thirty-five miles per hour, as the plaintiff wants us to believe, why was there no damage to defendant's vehicle at the point of alleged impact?

The burden of proof in a negligence action is upon the plaintiff to establish by a *preponderance* of the evidence that defendant was negligent. *Campbell* v. *Davis* (1966), 8 Ohio App. 2d 244, 249 (emphasis added). The plaintiff failed to sustain this burden. Neither the driver nor pedestrian saw one another. The plaintiff "assumed" she was in the crosswalk. The plaintiff never saw defendant's vehicle approach. Police Officer Dowd testified regarding scene pictures in which defendant's vehicle was well beyond the crosswalk. No damage was done to the defendant's vehicle. This strains credibility if one is to believe the testimony of Anderson who stated defendant was going thirty to thirty-five miles per hour when she hit plaintiff. Further, R.C. 4511.48 read to the jury as part of the jury charge, requires pedestrians use ordinary care and yield the right of way to vehicles if the pedestrian is not crossing in the crosswalk. The jury found the plaintiff eighty percent negligent.

The majority itself points out: "[w]here thee evidence is susceptible to more than one construction, a reviewing court is bound to give

the evidence the interpretation most consistent with the verdict and judgment." *Seasons Coal, supra,* at 80.

A motion for a new trial will not be granted where the verdict is supported by some competent, substantial or credible evidence. *Verbon* v. *Pennese* (1982), 7 Ohio App. 3d 182.

The Jury could conclude, based upon defendant's testimony, and lack of damage to defendant's vehicle, she was operating her vehicle in a lawful manner as she turned left. Namely, defendant testified she was proceeding at five miles per hour as she turned left and the photographic evidence supported the collision occurring outside the crosswalk. Under the circumstances *sub judice,* I would affirm the trial court.