[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 189.]

THE STATE EX REL. IACOVONE, APPELLANT, *v.* KAMINSKI, CLERK OF COURTS, APPELLEE.

[Cite as *State ex rel. Iacovone v. Kaminski*, 1998-Ohio-304.]

*Public records—Mandamus to compel Geauga County Clerk of Courts to mail copies of indictment, docket statement, journal entry, and trial transcript of relator's criminal case—Complaint dismissed when respondent has no clear legal duty to transmit copies of the requested public records by mail.*

(No. 97-1825—Submitted January 13, 1998—Decided March 4, 1998.)

APPEAL from the Court of Appeals for Geauga County, No. 97-G-2064.

————————

{¶ 1} In 1997, appellant, Orsino Iacovone, filed a complaint for a writ of mandamus in the Court of Appeals for Geauga County. Iacovone, an inmate at Southern Ohio Correctional Facility in Lucasville, sought to compel appellee, Geauga County Clerk of Courts Denise M. Kaminski, to mail or otherwise forward to him copies of the indictment, docket statement, journal entry, and trial transcript of his criminal case. Iacovone alleged that these records were necessary for him to pursue "post appeal and postconviction remedies," that he was constitutionally entitled to the records, and that because of his incarceration, he was "unable to procure these documents by appearing in person at the Courthouse and requesting them under the Ohio Public Records Act." The court of appeals granted Kaminski's Civ.R. 12(B)(6) motion and dismissed Iacovone's complaint.

{¶ 2} This cause is now before the court upon an appeal as of right.

————————

*Orsino Iacovone*, pro se.

*David P. Joyce*, Geauga County Prosecuting Attorney, and *Brian M. Richter*, Assistant Prosecuting Attorney, for appellee.

*Per Curiam.*

{¶ 3} Iacovone asserts in his propositions of law that the court of appeals erred in granting Kaminski's motion and dismissing his mandamus action. For the following reasons, however, we hold that Iacovone's claims are meritless, and we affirm the judgment of the court of appeals.

{¶ 4} First, as the court of appeals correctly concluded, Kaminski did not have a clear legal duty to transmit copies of the requested public records to Iacovone in prison by mail. See *State ex rel. Mayes v. Holman* (1996), 76 Ohio St.3d 147, 149, 666 N.E.2d 1132, 1134, and *State ex rel. Nelson v. Fuerst* (1993), 66 Ohio St.3d 47, 48, 607 N.E.2d 836, 837-838 (denying inmates' requests to mail public records to them in prison).

{¶ 5} Second, Iacovone erroneously relies on *Greene v. Brigano* (S.D.Ohio 1995), 904 F.Supp. 675, to support his claimed entitlement to transmission of the requested records. In *Greene*, the federal district court held that the state's failure to provide an indigent, *pro se* inmate with access to, or a copy of, his trial transcript for his direct appeal violated his constitutional rights to due process and equal protection. The United States Court of Appeals for the Sixth Circuit recently affirmed the district court's judgment. *Greene v. Brigano* (C.A.6, 1997), 123 F.3d 917.[1] By contrast, Iacovone did not allege in his complaint that he was denied access to a free copy of his trial transcript for his direct appeal. In fact, Iacovone now concedes on appeal that he received a copy from Kaminski but mistakenly sent it back.

---

1. Both the federal court of appeals and district court decisions concerned the same party involved in our decision in *State ex rel. Greene v. Enright* (1992), 63 Ohio St.3d 729, 732, 590 N.E.2d 1257, 1260, certiorari denied (1992), 506 U.S. 1025, 113 S.Ct. 667, 121 L.Ed.2d 591 ("We hold that the appellee [clerk of courts] fulfilled his duty by transmitting the record within the prescribed time and was under no duty to provide an additional copy of a trial transcript to Greene, in addition to the copy filed with the court of appeals.").

**{¶ 6}** Finally, Iacovone did not specifically allege in his complaint that he was unable to have a designee inspect and copy the records for him. See *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 427, 639 N.E.2d 83, 89; *State ex rel. Fain v. Summit Cty. Adult Probation Dept.* (1995), 71 Ohio St.3d 658, 659, 646 N.E.2d 1113, 1114 (inmate required to plead specific facts in order to withstand motion to dismiss mandamus action). Instead, Iacovone merely alleged that he himself was unable to procure the requested records "in person" due to his incarceration. Iacovone thus failed to specify sufficient facts supporting his claim of an unconstitutional denial of access. Cf. *Lumbert v. Finley* (C.A.7, 1984), 735 F.2d 239 (upholding constitutionality of Illinois statutory procedure for providing a trial transcript to an indigent criminal defendant, notwithstanding claim that procedure that forced prisoner to choose between a prison advocate to pick up his transcript or never receiving his transcript violated due process).

**{¶ 7}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————