JOURNAL ENTRY AND OPINION
On August 8, 2001, the Relator, Anthony Hawley, filed this action in mandamus to compel Judge Daniel O. Corrigan, Respondent, to issue findings of fact and conclusions of law in connection with a ruling on a motion Hawley had filed in the underlying case of Anthony Hawley v. Margarette Ghee, Cuyahoga County Common Pleas Case No. CV. 428773. For the following reasons, this court dismisses the mandamus action sua sponte.
Hawley avers the following: On January 25, 2001, he filed a Motion for Declaratory Judgment and Injunctive Relief in the underlying case. Ghee moved for summary judgment and Respondent granted that motion but did not issue findings of fact or conclusions of law.
Hawley now seeks a Writ of Mandamus from our court to compel Respondent to issue findings of fact and conclusions of law. The requisites for mandamus are well established: (1) the Relator must have a clear legal right to the requested relief, (2) the Respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not be used to control judicial discretion, even if that discretion is grossly abused. See State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914.
In the present case Respondent has no clear legal duty to issue findings of fact and conclusions of law in connection with its ruling on Hawley's Motion for Declaratory Judgment and Injunctive Relief. Relator acknowledges that the underlying case was decided on a motion for summary judgment. Pursuant to Civ.R. 52, findings of fact and conclusions of law are unnecessary upon all other motions including those pursuant to Civ.R. 56, Summary Judgment. Further, Hawley does not plead the necessary condition that he made a timely request for findings of fact and conclusions of law under Civ.R. 52. In mandamus a relator must plead specific facts. Stateex rel. Iacovone v. Kaminiski (1998),81 Ohio St.3d 189, 690 N.E.2d 4; Stateex rel. Clark v. Lile (1997),80 Ohio St.3d 220, 685 N.E.2d 535; State ex rel. Dehler v. Sutula (1995), 74 Ohio St.3d 33, 656 N.E.2d 332; State ex rel. Fain v. Summit County Adult Probation Department (1995), 71 Ohio St.3d 658,646 N.E.2d 1113; and State ex rel. Hickman v. Capots (1989),45 Ohio St.3d 324, 544 N.E.2d 639 and State ex rel. Strothers v. Murphy (1999), 132 Ohio App.3d 645, 725 N.E.2d 1185.
Additionally, Relator failed to support his complaint with an affidavit specifying the details of the claim as required by Loc.R. 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
Relator has also failed to comply with the provisions of R.C. 2969.25, which require an inmate, such as Hawley filing a civil action against a government entity or employee, to file an affidavit that describes each civil action or appeal filed by that inmate within the previous five years in any state or federal court. The Relator's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421,696 N.E.2d 594 and State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285, 685 N.E.2d 1242.
Accordingly, the application for a writ of mandamus is dismissed. Costs assessed against the Relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
TIMOTHY E. McMONAGLE, P.J. and COLLEEN CONWAY COONEY, J. CONCUR.