ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On March 1, 2004, the relator, Jerry Hubbard, commenced this mandamus action against the respondent, Judge John J. Donnelly of the Cuyahoga County Probate Court, "to allow pro se to change name for religious belief." (Paragraph 3 of the complaint.) Hubbard asserts that he fulfilled the requirements for obtaining a name change and that he had obtained a court date, but that he was arrested before he could appear for the hearing. On March 10, 2004, Judge Donnelly, through the Cuyahoga County Prosecutor, moved to dismiss the mandamus action. Hubbard never filed a response. For the following reasons, this court grants the motion to dismiss.
 {¶ 2} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused.State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914. Mandamus does not lie to correct errors and procedural irregularities in the course of a case. State ex rel.Jerninghan v. Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787. Additionally, a relator must plead specific facts in order to withstand a motion to dismiss. State ex rel. Iacovone v.Kaminiski, 81 Ohio St.3d 189, 1998-Ohio-304, 690 N.E.2d 4;State ex rel. Clark v. Lile, 80 Ohio St.3d 220, 1997-Ohio-124,685 N.E.2d 535; State ex rel. Dehler v. Sutula,74 Ohio St.3d 33, 1995-Ohio-268, 656 N.E.2d 332; State ex rel. Fain v. SummitCounty Adult Probation Department, 71 Ohio St.3d 658,1995-Ohio-149, 646 N.E.2d 1113; State ex rel. Hickman v. Capots
(1989), 45 Ohio St.3d 324, 544 N.E.2d 639 and State ex rel.Strothers v. Murphy (1999), 132 Ohio App.3d 645,725 N.E.2d 1185. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v.Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel.Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581,113 N.E.2d 14; State ex rel. Connole v. Cleveland Board ofEducation (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and Stateex rel. Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308.
 {¶ 3} In the present case, Hubbard's request for mandamus is too uncertain to grant. He fails to specify his Probate Court Case Number, the specific fees paid, the hearing date, or the name of the newspaper in which he published the required notice of name change. More importantly, the desired relief, allowing the name change, does not state an enforceable duty or an enforceable right. It is uncertain whether Hubbard is asking this court to require the name change,[1] to require the hearing for the name change, to permit some procedure in lieu of the required hearing to accommodate Hubbard's imprisonment, or some other relief. Therefore, because the requested relief is so uncertain, this court grants the motion to dismiss this application for a writ of mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Sweeney, P.J., Concurs.
 Cooney, J., Concurs.
[1] This court could not grant this relief, because Probate Court has discretion in permitting name changes, and mandamus may not control judicial discretion.