JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On July 12, 2007, the relator, Hakeem Sultaana, commenced this mandamus action, which he captioned as Sultaana v. Giant Eagle. For the following reasons, this court sua sponte dismisses Sultaana's application for a writ of mandamus.
 {¶ 2} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessaman (1973),34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v. IndustrialCommission of Ohio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. State ex rel. TommieJerninghan v. Judge Patricia Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v. Glasser (1977),50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. *Page 4 Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581,113 N.E.2d 14; State ex rel. Connole v. Cleveland Board of Education (1993),87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel. Dayton-Oakwood Pressv. Dissinger (1940), 32 Ohio Law Abs. 308.
 {¶ 3} In the case, sub judice, the court is uncertain as to the relief Sultaana seeks. In the complaint's initial paragraph Sultaana states that he has asked the judge in the underlying case, Sultaana v. GiantEagle, Cuyahoga County Common Pleas Court Case No. 590891, "to compel to motions request that were previous filed with clerk of court." However, Sultaana does not state what the motions and requests were and when they were made. Without such critical information, this court cannot determine the merits of a mandamus claim. Similarly, in what appears to be the fifth paragraph Sultaana asserts: "Plaintiff has requested via telephone with staff attorney has motioned court to have case scheduled several times up to this point, but no response." Again, Sultaana has failed to provide this court with necessary information such as how long the case has been pending, whether he requested the case to be scheduled in a formal written motion or merely informally to the court's staff, when such a motion was filed, and the procedural posture of the case. Without that information, this court cannot rule on a mandamus claim. It cannot determine whether Sultaana has a clear, legal right to a ruling on a motion or to scheduling a trial at this point in time. Cf. State ex rel. Rodgers v. Cuyahoga County Court ofCommon Pleas (1992), 83 Ohio App.3d 684, 615 N.E.2d 689. *Page 5 
Indeed, after reviewing the complaint the court is not certain whether Sultaana wants rulings on his motions, the case scheduled for trial or the trial court to grant his motions. Mandamus will not lie in the face of such uncertainty.
 {¶ 4} Additionally, in mandamus a relator must plead specific facts.State ex rel. Iacovone v. Kaminiski, 81 Ohio St.3d 189, 1998-Ohio-304,690 N.E.2d 4; State ex rel. Clark v. Lile, 80 Ohio St.3d 220,1997-Ohio-124, 685 N.E.2d 535; State ex rel. Dehler v. Sutula,74 Ohio St.3d 33, 1995-Ohio-268, 656 N.E.2d 332; State ex rel. Fain v. SummitCounty Adult Probation Department, 71 Ohio St.3d 658, 1995-Ohio-149,646 N.E.2d 1113; and State ex rel. Hickman v. Capots (1989),45 Ohio St.3d 324, 544 N.E.2d 639 and State ex rel. Strothers v. Murphy (1999),132 Ohio App.3d 645, 725 N.E.2d 1185. Sultaana's complaint underscores the wisdom of this rule. His failure to plead the necessary facts about the subject motions, the time of filing, and the procedural posture of the underlying case prevents this court from fully understanding his complaint, much less making a sound adjudication.
 {¶ 5} Moreover, the petition is defective because it is improperly captioned. Sultaana styled this petition as "Hakeem Sultaana v. Giant Eagle." R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition.Maloney v. Court of Common Pleas of Allen County (1962),173 Ohio St. 226, 181 N.E.2d 270. Moreover, the failure to caption the case correctly creates *Page 6 
uncertainty as to the identity of the respondent. Is the respondent Giant Eagle, the assigned judge, or the common pleas court? This court has held that this deficiency alone also warrants dismissal. State exrel. Larry Calloway v. Court of Common Pleas of Cuyahoga County(Feb. 27, 1997), Cuyahoga App. No. 71699; State ex rel. Samuels v.Municipal Court (Nov. 22, 1994), Cuyahoga App. No. 67762; and State exrel. White v. Villanueva (Oct. 6, 1993), Cuyahoga App. No. 66009. Sultaana also failed to include the addresses of the parties as required by Civ.R. 10(A).
 {¶ 6} Additionally, he failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077 and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 7} Accordingly, because of the many uncertainties about the complaint and the pleading defects, this court dismisses the application for a writ of mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
JAMES J. SWEENEY, P.J., and ANN DYKE, J., CONCUR *Page 1