DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, counsel for defendant in the case before the trial court, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which sanctioned appellant and directed him to pay attorney fees and costs associated with the filing of appellant's motion to tax costs in the underlying case. This Court reverses and remands.
 I. {¶ 2} The underlying case was filed as a divorce action. Appellant represented the husband/defendant in the matter. The matter proceeded to trial before the magistrate, who issued a chief magistrate's decision/divorce decree on July 1, 2002, granting the parties a divorce and enumerating sundry pertinent orders. Specifically, order number 16 directed that "[c]ost to be assessed to Plaintiff after application of deposit." Appellant filed objections to that magistrate's decision on the defendant's behalf on July 15, 2002.
 {¶ 3} After several motions for extension of time and leaves to file briefs in regard to the defendant's objections, on May 21, 2003, the trial court overruled the objections and adopted the magistrate's decision as the order of the court. The trial court reiterated verbatim all of the magistrate's orders, including order number 16, directing that "[c]ost to be assessed to Plaintiff after application of deposit."
 {¶ 4} On June 5, 2003, appellant, purportedly pursuant to order number 16, filed on defendant's behalf a motion to tax costs, seeking reimbursement from the plaintiff of costs associated with the trial transcript and a pretrial property appraisal. The plaintiff opposed defendant's motion to tax costs, but neither party requested a hearing on the motion. Nevertheless, the magistrate held a hearing on the motion on September 19, 2003, and issued a post decree chief magistrate's decision/tax costs on October 6, 2003.
 {¶ 5} At the September 19, 2003 post decree hearing, the magistrate heard argument regarding both defendant's motion to tax costs and defendant's affidavit regarding attorney fees, relevant to an earlier order. In support of defendant's motion to tax costs, appellant argued that order number 16 of the trial court's May 21, 2003 order, adopting the magistrate's decision, assessed costs against the plaintiff up to that date, rather than up to the date of the divorce trial on June 21, 2002. The magistrate, on the record, denied the defendant's motion to tax costs, finding that appellant's representations for the defendant's claims in the motion were not before the court as of the date of the divorce trial. The magistrate further found that the defendant had not prevailed on his objections, so that he was not entitled to costs on that basis either.
 {¶ 6} The tenor of the September 19, 2003 post decree hearing was contentious. At one point, the magistrate threatened appellant with contempt, if he failed to answer the magistrate's questions regarding appellant's argument. Appellant in fact answered the magistrate's questions, and the magistrate did not ultimately find appellant in direct contempt of court.
 {¶ 7} Despite the magistrate's threat to hold appellant in contempt for failing to answer the court's questions, the magistrate never indicated any intention to sanction appellant for any other alleged transgression. Neither opposing counsel nor the court made a motion at the hearing to sanction appellant. Further, the magistrate made no finding on the record at the hearing that appellant's motion to tax costs constituted vexatious conduct and a frivolous filing.
 {¶ 8} By the October 6, 2003 post decree chief magistrate's decision/tax costs, however, the magistrate made the express findings that appellant's motion, conduct and argument were not warranted under existing law and could not be supported by a good faith argument for extension, modification or reversal of any existing law. The magistrate further found that appellant filed the motion to tax costs merely to harass the plaintiff, so that appellant's conduct was vexatious, pursuant to R.C. 2323.52, and his filing was frivolous, pursuant to Civ.R. 11. Upon those findings, the magistrate sanctioned appellant pursuant to the court's Loc.R. 31 and ordered him to pay the plaintiff's attorney fees and costs associated with the filing of the defendant's motion to tax costs.
 {¶ 9} Appellant timely objected to the magistrate's decision ordering sanctions. More than five months later, the trial court overruled appellant's objection without analysis. The trial court adopted the magistrate's order to sanction appellant, directing him to pay the plaintiff's attorney fees and costs associated with the filing of the defendant's motion to tax costs. Appellant timely appealed, setting forth four assignments of error for review.
 II. ASSIGNMENT OF ERROR I.
"The trial court erred by imposing a monetary sanction upon [appellant] without notice and a hearing in violation of such attorney's right to procedural due process of law under the United States and Ohio Constitutions."
 {¶ 10} Appellant argues that the magistrate's imposition of financial sanctions against him, as affirmed by the trial court, constitutes an unconstitutional violation of his right to procedural due process.
 {¶ 11} Appellant's first assignment of error presents a question of law. This Court reviews questions of law under the de novo standard of review. Eagle v. Fred Martin Motor Co. (2004), 157 Ohio App.3d 150,2004-Ohio-829, at ¶ 11. When reviewing a matter de novo, this Court does not give deference to the trial court's decision. Id.
 {¶ 12} Section 1, Fourteenth Amendment to the United States Constitution provides in part: "* * * nor shall any State deprive any person of life, liberty, or property, without due process of law; * * *" Article I, Section 16, of the Ohio Constitution provides in part: "* * * every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, * * *" The terms "due process of law" as used in the Constitution of the United States and "due course of law" as used in the Ohio Constitution are synonymous. Hakim v.State ex rel. Kosydar (Feb. 2, 1976), 1st Dist. No. C-75041. "Consistent with the requirements of due process are those fundamental principles which protect the citizen in his private rights, and guard him against the arbitrary action of government." Barnhardt v. Linzell (1957),104 Ohio App. 243, paragraph four of the syllabus.
 {¶ 13} Due process protects against the arbitrary deprivation of property by requiring notice of the (potential) deprivation and an opportunity to be heard. Fuentes v. Shevin (1972), 407 U.S. 67, 80-81,32 L.Ed.2d 556. Hearing need not be held prior to deprivation, however.St. Clair Corp. v. Cleveland (1990), 49 Ohio St.3d 33, 34-35. The unauthorized deprivation of property by a state employee does not violate the mandates of due process, where a meaningful postdeprivation remedy is available. Id., citing Hudson v. Palmer (1984), 468 U.S. 517, 533.
 {¶ 14} In this case, the trial court premised its imposition of sanctions on appellant pursuant to Loc.R. 31 upon its finding that appellant's conduct was vexatious, pursuant to R.C. 2323.52, and frivolous, pursuant to Civ.R. 11. While the trial court ordered sanctions in a decision issued out of a hearing, the hearing was scheduled for the court's consideration of the merits of appellant's motion to tax costs. Despite the fact that the magistrate made his ruling on appellant's motion on the record at hearing, the magistrate did not address the issue of sanctions on the record. Neither did opposing counsel move the court for sanctions against appellant on the basis of the court's ruling on appellant's motion to tax costs. Further, the magistrate said nothing at the hearing from which appellant might have gleaned that the court was considering imposing sanctions in regard to appellant's filing of the motion to tax costs. Because appellant had no notice that the court was considering the issue of sanctions, he further had no opportunity to be heard in opposition.
 {¶ 15} In the order imposing sanctions on appellant, the court directed plaintiff's counsel to submit an affidavit of fees relating to plaintiff's opposition to defendant's motion to tax costs. The court further directed plaintiff's counsel to schedule a hearing date in regard to attorney fees. The purpose of the subsequent hearing was to determine the appropriateness of the amount of attorney fees to which plaintiff's counsel averred in affidavit, and not to determine whether the imposition of such sanction against appellant was appropriate.[1]
 {¶ 16} Under these circumstances, appellant had no notice that he might be subjected to monetary sanctions by the court. In addition, appellant was accorded no opportunity to be heard in opposition to the imposition of monetary sanctions, either prior to the deprivation or postdeprivation. For these reasons, this Court finds that the domestic relations court's imposition of monetary sanctions against appellant did not comport with the mandates of procedural due process. Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II.
"Local rule 31 of the domestic relations division of the Summit County Court of Common Pleas is Unconstitutional on its face or as applied to [appellant] on the ground that it does not provide for due process of law."
 ASSIGNMENT OF ERROR III.
"Local rule 31 of the domestic relations division of the Summit County Court of Common Pleas is unconstitutional on its face or as applied to [appellant] on the ground that it is inconsistent with rules promulgated by the Ohio Supreme Court in violation of article iv[,] Section 5(b) of the Ohio Constitution."
 ASSIGNMENT OF ERROR IV.
"The trial court erred by abusing its discretion in adopting the chief Magistrate's decision."
 {¶ 17} Due to this Court's disposition of appellant's first assignment of error, this Court need not reach the merits of the second, third and fourth assignments of error, as they are now rendered moot. See App.R. 12(A)(1)(c).
 III. {¶ 18} Appellant's first assignment of error is sustained. Accordingly, the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
Batchelder, J., Boyle, J. Concur.
[1] Plaintiff's counsel averred in affidavit that $480.00 was a reasonable and appropriate fee for services rendered in defense of defendant's motion to tax costs. At hearing, the magistrate agreed and ordered appellant to pay that sum to plaintiff. The trial court vacated the magistrate's decision establishing the amount of attorney fees appellant must pay as sanctions, because appellant's objection to the prior decision served as a stay. However, upon the trial court's overruling appellant's objection to the magistrate's decision imposing sanctions, the trial court ordered anew that appellant was to pay $480.00 to plaintiff's counsel as and for the sanction imposed by the court in the October 6, 2003 chief magistrate's decision.