JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On September 14, 2007, the relator, Catherine Brady, commenced this mandamus action against respondent, Judge John J. Russo, to rule on a claim for $1,000 which Brady asserts is outstanding in the underlying case, Bruce Jackim, et al. v. Larry Zuckerman, et al., Cuyahoga County Common Pleas Case No. CV. 600147, to enter judgment for the plaintiffs on that claim and to compel the judge to give notice and to hold an evidentiary hearing prior to imposing any sanctions. Brady also filed an application for an alternative writ for the above relief and to stay an October 10, 2007 trial until the $1,000 claim is resolved and also to enforce a subpoena issued to a court reporter. For the following reasons, this court denies the application for an alternative writ and the application for a writ of mandamus.
 Procedural and Factual Background {¶ 2} In 2005, Larry Zuckerman and his law firm, Zuckerman, Daiker Lear, represented Bruce Jackim in a civil rights action, a criminal action and the appeal of that criminal action. In October 2005, Jackim fired Zuckerman and his firm and retained relator Catherine Brady to represent him and his wife, Nina Jackim.
 {¶ 3} On August 30, 2006, the Jackims, through Brady, filed the underlying case, a legal malpractice action against Larry Zuckerman; Zuckerman, Daiker Lear; and attorney Michael Scott Lear (hereinafter "Zuckerman"). In response Zuckerman filed counterclaims against the Jackims for breach of contract and unjust enrichment for unpaid attorney's fees, as well as claims for fraud, abuse of process *Page 4 
and frivolous pleadings. Zuckerman also filed a third-party complaint against Catherine Brady for frivolous pleadings and contribution. Brady then ceased representing the Jackims, who continued in the underlying case pro se. The parties engaged in intense motion practice, including cross-motions for summary judgment, motions for protective orders, motions to stay depositions and motions for sanctions.
 {¶ 4} On August 27, 2007, respondent Judge Russo granted Zuckerman's motion for summary judgment on the plaintiffs' claims. He reasoned that there was no proffer of expert testimony and rejected the plaintiffs' argument that the malpractice was self-evident. He also stated that there was no proffer of damages. The respondent judge further noted that the plaintiffs' refused to answer many of the questions posed to them in their depositions and that "the court has thus far exercised restraint in sanctioning the plaintiffs, Bruce and Nina Jackim, and third-party defendant, Catherine Brady, for what it deems to be unnecessary and frivolous motions and for improper conduct exhibited by those parties at depositions." (Court's August 27, 2007 order.) Accordingly, the respondent judge directed Zuckerman to file an "affidavit evidencing the time expended to responding to such motions filed by plaintiffs, after which the court will consider the imposition of sanctions upon the plaintiffs and third party defendant." (Id.) Judge Russo also granted Zuckerman's counterclaims for breach of contract and unjust enrichment in the amount of $4,230 for unpaid attorneys' fees. He ruled that Zuckerman's third *Page 5 
party claim against Brady for contribution was moot and set October 10, 2007, as the trial date for Zuckerman's three remaining claims.
 {¶ 5} On September 11, 2007, Zuckerman filed the requested affidavit and voluntarily dismissed all of the remaining claims. Accordingly, on September 12, 2007, the respondent judge removed the case from the court's active docket and cancelled the final pretrial and trial dates, because all of the claims had been resolved. (September 12, 2007 docket entry.)
 Principles of Mandamus {¶ 6} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessaman (1973),34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v. IndustrialCommission of Ohio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. State ex rel.Tommie *Page 6 Jerninghan v. Judge Patricia Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tranv. McGrath, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108 andState ex rel. Boardwalk Shopping Center, Inc. v. Court of Appeals forCuyahoga County (1990), 56 Ohio St.3d 33, 564 N.E.2d 86. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v. Glasser (1977),50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Commission
(1953), 159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Connole v.Cleveland Board of Education (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308.
 Brady's Claims {¶ 7} Brady's initial claim is that the respondent judge must be compelled to rule on the Jackims' $1,000 claim and indeed must decide that claim in their favor. She alleges that the complaint in the underlying case contained averments that the Jackims paid $2,500 to Zuckerman to pay for an appeal transcript. However, Zuckerman paid only $1,500 to the court reporter, and $1,000 remains in Zuckerman's IOLTA account. In her mandamus complaint she alleges that the respondent judge did not rule on this claim. Thus, he should be compelled to decide *Page 7 
that the $1,000 belongs to the Jackims and must be returned to them. She further alleges that the resolution of this claim is necessary so she can defend the sanctions claim against her.
 {¶ 8} However, Brady's argument is not persuasive. The respondent judge's August 27, 2007 ruling is unequivocal. He granted summary judgment to the defendants on plaintiffs' claims. The corollary of this language is that he granted summary judgment on all of the plaintiffs' claims. Accordingly, Brady's initial claim is moot. Moreover, appeal is an adequate remedy at law to argue that the judge improperly granted summary judgment on this claim or that he really did not adjudicate it. Appeal would allow the arguments to be reviewed on a full record. Additionally, to the extent that Brady is asking this court to determine that Zuckerman improperly retained the $1,000 or that the $1000 claim remains outstanding, she is asking this court to issue a declaratory judgment, which this court does not have jurisdiction to do. State exrel. Beane v. City of Dayton, 112 Ohio St.3d 553, 2007-Ohio-811,862 N.E.2d 97; and State ex rel. Ministerial Day Care Association v.Zelman, 100 Ohio St.3d 347, 2003-Ohio-6447, 800 N.E.2d 21. Furthermore, such a ruling, that the judge must find for the plaintiffs on the $1,000 claim, would control judicial discretion for which mandamus will not lie. *Page 8 
 {¶ 9} Brady's request to stay the October 10, 2007 trial until the resolution of the $1,000 claim is moot. As revealed by the docket the respondent judge has cancelled the trial.
 {¶ 10} Brady also seeks to compel the respondent judge to provide her with notice and a hearing before imposing sanctions. However, she has provided this court with no authority that mandamus is the proper remedy for insuring notice and a hearing. Appeal of any improperly imposed sanctions is an adequate remedy precluding the issuance of a writ of mandamus. Butler v. Butler, Summit App. No. 22087, 2004-Ohio-7164 andRondini v. Seman, Lake App. No. 2002-L-017, 2002-Ohio-6590. Moreover, the respondent judge's August 27, 2007 order directing Zuckerman to submit an affidavit to provide the basis for sanctions does not preclude notice and a hearing as required by law. Mandamus does not lie for prospective relief. "Mandamus will not lie to remedy the anticipated nonperformance of a duty. `* * * The function of mandamus is to compel the performance of a present existing duty as to which there is a default. It is not granted to take effect prospectively, and it contemplates the performance of an act which is incumbent on the respondent when the application for a writ is made.' State ex rel. Federal HomesProperties, Inc. v. Singer (1967), 9 Ohio St.2d 95, 96." State ex rel.Home Care Pharmacy, Inc. v. Creasy (1981), 67 Ohio St.2d 342, 343-344,423 N.E.2d 482. The Supreme Court reaffirmed this principle in OhioDepartment of Administrative *Page 9 Services v. State Employment Relations Board (1990), 54 Ohio St.3d 48,53, 562 N.E.2d 125 — "* * * we do not issue an anticipatory writ of mandamus." See, also Mihocka v. Ziegler (1971), 28 Ohio Misc. 105, 109,274 N.E.2d 583 — "Mandamus, of course, will not lie in anticipation of an omission of duty, regardless how strong the presumption may be that the person will refuse to perform their duty when the proper time arrives."
 {¶ 11} Finally, the court denies the application for an alternative writ to enforce the subpoena on the court reporter. The matter is moot.
 {¶ 12} Accordingly, this court denies the application for an alternative writ and the application for a writ of mandamus. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 SEAN C. GALLAGHER, P.J., AND KENNETH A. ROCCO, J., CONCUR. *Page 1