{¶ l9} I concur in the majority's judgment, its determination that the parties' separation agreement is unambiguous, and its determination that, under the separation agreement, Mr. Turner was required to pay Mrs. Turner 50% of the bonus he earned during the year ending in 2004. I write separately, however, to note my disagreement with the majority's inclusion of paragraph 10 in its opinion *Page 10 
and with the statement in paragraph 17 that "the trial court did not abuse its discretion when it adopted the magistrate's decision. . . ."
 {¶ 20} The majority has correctly noted, at paragraph 13 of their opinion, that the parties' separation agreement is a contract, subject to the same rules of construction as govern other contracts. InMetcalfe v. Akron, 9th Dist. No. 23068, 2006-Ohio-4470, at ¶ 17, this Court held that "any assessment as to whether a contract is ambiguous is a question of law" and that "[i]f a contract is unambiguous, its interpretation is a matter of law "(Citations omitted.) In fact, at paragraph 14 of their opinion in this case, the majority has acknowledged that the determination of whether a contract is ambiguous "is a matter of law." In Farrell v. Deuble, 9th Dist. No. 07CA0028,2008-Ohio-1124, at ¶ 10, this Court held that "[t]he construction of written instruments . . . is a matter of law" and that "[questions of law are determined de novo." (quoting Karam v. High Hampton Dev.Inc., 9th Dist. Nos. 21265 21269, 2003-Ohio-3310, at ¶ 20).
 {¶ 21} The fact that this case was initially heard in the trial court by a magistrate does not change this Court's standard of review. InButler v. Butler, 9th Dist. No. 22087, 2004-Ohio-7164, at ¶ 11, for example, a case in which this Court reviewed a trial court's overruling of objections to a magistrate's imposition of sanctions, it reiterated that "[t]his Court reviews questions of law under the de novo standard of review." It is the type of question presented that determines this Court's standard of review, not the identity of the decision maker in the trial court. *Page 11 
 {¶ 22} In ruling on objections to a magistrate's decision, a trial court is required to "ascertain that the magistrate . . . appropriately applied the law." Civ. R. 53(D)(4)(d). A trial court does not have discretion, in determining whether a magistrate "appropriately applied the law," to incorrectly apply the law. Therefore, in reviewing a trial court's determination of whether the magistrate "appropriately applied the law," this Court must apply the de novo standard of review.
 {¶ 23} In fact, regardless of the majority's inclusion of paragraph 10 and the above quoted sentence from paragraph 17 in their opinion, they have, in fact, applied a de novo standard of review. The analysis, in paragraphs 15 and 16 of the majority's opinion, of the language of the separation agreement is a de novo analysis. The majority has not accorded any deference to the trial court's analysis. The inclusion of paragraph 10 and the quoted sentence from paragraph 17 in the majority's decision adds to the existing confusion in this Court's opinions about when it applies what standard of review. *Page 1