JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Oniel Clarke, requests that this court compel respondent judge to rule on unspecified motions which he avers are pending in State v. Clarke, Cuyahoga County Court of Common Pleas Case No. CR-466666.
 {¶ 2} Respondent has filed a motion to dismiss. Relator has not opposed the motion. We find the motion to dismiss to be well-taken and dismiss this action.
 {¶ 3} In the complaint, "*** the Relator implores this honorable court to direct respondent to rule on all motions set before the said court and to dismiss all charges ***." Complaint, ad damnum clause, at 1-2. Clarke does not, however provide any information on which motions are in controversy. In Sultaana v. Giant Eagle, Cuyahoga App. No. 90130,2007-Ohio-3769, the relator requested that this court compel the judge in the underlying case to act on motions and requests which were filed with the respondent court. "*** [The relator] does not state what the motions and requests were and when they were made. Without such critical information, this court cannot determine the merits of a mandamus claim." Id. at ¶ 3. The relator's failure to plead specific facts resulted in dismissal of the complaint in mandamus. Id. at ¶ 4, et seq. See also State ex rel. Henderson v. McCormick (Nov. 4, 1999), Cuyahoga App. No. 77008; State ex rel. Aliane v. Sheward, Franklin App. No. 02AP-949, 2003-Ohio-6554.
 {¶ 4} Likewise, Clarke's request that this court compel respondent to dismiss the underlying case is not appropriate for mandamus. "`Mandamus will not lie to *Page 2 
control the judgment or discretion of a court in rendering a decision(State, ex re. Sherwood, v. Hoffman, Judge, 95 Ohio St. 144, 117 N.E. 10)." State, ex rel. White, v. Jewell (1937), 132 Ohio St. 300, 302. See also R.C. 2731.03 ***." State ex rel. Baker v. Lawther (Jan. 26, 1989), Cuyahoga App. No. 84850, at 2-3. See also State ex rel. Brady v.Russo, Cuyahoga App. No. 90419, 2007-Ohio-5333, at ¶ 8. Because Clarke is requesting that this court issue a writ of mandamus to control judicial discretion and to require a specific outcome in a judicial proceeding, the complaint fails to state a claim upon which relief can be granted.
 {¶ 5} Additionally, "***we find that [relator's] complaint for a writ of mandamus is defective since it is improperly captioned. A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. The failure of relator to properly caption his complaint for a writ of mandamus warrants dismissal. R.C. 2731.04; Blankenship v. Blackwell, 103 Ohio St.3d 567, 2004 Ohio 5596,817 N.E.2d 382; Gannon v. Gallagher (1945) 145 Ohio St. 170,60 N.E.2d 666; Dunning v. Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763."State v. McMonagle, Cuyahoga App. No. 91477, 2008-Ohio-3798, at ¶ 2. *Page 3 
 {¶ 6} Similarly, relator has failed to comply with Loc. App. R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim. State ex rel. Hightower v. Russo, Cuyahoga App. No. 82321, 2003-Ohio-3679. Relator "also failed to include the address of the parties in the caption of the complaint as required by Civil Rule 10 (A). This may also be grounds for dismissing the action. State exrel. Sherrills v. State (2001), 91 Ohio St. 3d 133, 742 N.E.2d 651."State ex rel. Hall v. Calabrese (Aug. 16, 2001), Cuyahoga App. No. 79810, at 2.
 {¶ 7} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
Complaint dismissed.
 ANTHONY O. CALABRESE, JR., P.J., and MARY J. BOYLE, J., CONCUR. *Page 1