[Cite as *State ex rel. Longville v. Akron*, 2013-Ohio-1161.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO ex rel., | C.A. Nos. | 25354 |
| PATRICIA LONGVILLE | | 25356 |

      Appellee/Cross Appellant

      v.

CITY OF AKRON

      Appellant/Cross-Appellee

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2009-03-2204

DECISION AND JOURNAL ENTRY

Dated: March 27, 2013

MOORE, Presiding Judge.

{¶1}   Appellant/Cross-Appellee, City of Akron, appeals from the March 22, 2010 judgment entry of the Summit County Court of Common Pleas. We reverse.

I.

{¶2}   This matter stems from a complaint/amended complaint filed by Appellee/Cross-Appellant, Patricia Longville, pursuant to R.C. 733.59, seeking declaratory judgment and injunctive relief against the City of Akron. In her amended complaint, Ms. Longville asked the trial court (1) to declare that the Akron City Charter Section 5 limits the amount of in-kind and non-cash monetary campaign contributions or loans to $100 per candidate for ward candidates participating in Akron municipal elections, and $300 per candidate for at-large and mayoral candidates participating in municipal elections, (2) to enjoin ward candidates from taking more than $100 per donor, and mayoral/at-large candidates from taking more than $300 per donor, and

(3) to order the law director to enforce the law regarding donations received by Mayor Donald Plusquellic in the 2007 election and subsequent years.

{¶3} The City of Akron filed an answer/amended answer denying Ms. Longville's allegations and asserting that she failed to state a claim for which relief can be granted.

{¶4} Ms. Longville then filed a motion for summary judgment and the City of Akron filed a response/cross-motion for summary judgment. The trial court denied Ms. Longville's request for declaratory judgment and injunctive relief, denied both parties' requests for attorney fees, and granted Ms. Longville's request for a "writ of mandamus," ordering the law director for the City of Akron to enforce the law regarding campaign contributions received by Mayor Donald Plusquellic in the 2007 election and subsequent years.

{¶5} The City of Akron timely appealed and raised three assignments of error for our consideration. Additionally, Ms. Longville filed a cross-appeal, raising a single assignment of error.

II.

## ASSIGNMENT OF ERROR I

> THE TRIAL COURT ERRED BY CONVERTING [MS.] LONGVILLE'S ACTION INTO A WRIT OF MANDAMUS WHEN [MS.] LONGVILLE DID NOT PROPERLY PLEAD THE ELEMENTS FOR A WRIT OF MANDAMUS.

{¶6} In its first assignment of error, the City of Akron argues that the trial court erred in granting Ms. Longville's motion for summary judgment because it improperly converted Ms. Longville's request for declaratory judgment and injunction into a mandamus action, where Ms. Longville did not properly plead the elements of a mandamus action in her complaint. For the reasons set forth below, we agree that the trial court erred.

**{¶7}** This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

**{¶8}** Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id.* at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991).

**{¶9}** Under certain circumstances, Ohio law provides that a village solicitor or city director of law shall apply for an injunction in the municipality's name. Specifically, R.C. 733.56 provides for this type of action to restrain: (1) the misapplication of funds of the municipal corporation, (2) the abuse of its corporate powers, or (3) the execution or performance

of any contract made on behalf of the municipal corporation in contravention of the laws or ordinance governing it, or which was procured by fraud or corruption. Further, if a taxpayer requests in writing that the village solicitor or city director of law take action in the name of the municipality for the above stated reasons, the taxpayer may be named as a party defendant in order to assist in the litigation. *See* R.C. 733.581. However, if the village solicitor or city director of law fails to act upon the written request of the taxpayer, the taxpayer may file a lawsuit in his/her own name on behalf of the municipality. *See* R.C. 733.59.

{¶10} Here, Ms. Longville filed a complaint labeled as a statutory taxpayer action. R.C. 733.59 governs the process of filing a statutory taxpayer action and states, in relevant part, that "[n]o such suit or proceeding shall be entertained by any court until the taxpayer gives security for the cost of the proceeding." In bringing a properly filed statutory taxpayer action, R.C. 733.56, R.C. 733.57, and R.C. 733.58 provide the taxpayer with the option of filing: (1) an injunction, (2) for specific performance, or (3) a writ of mandamus.

{¶11} In its judgment entry, the trial court makes the following findings with regard to whether Ms. Longville filed a proper statutory taxpayer action: (1) Ms. Longville has asserted a claim in mandamus under R.C. 733.58, and, (2) this action is not a proper statutory taxpayer action pursuant to R.C. 733.59 because Ms. Longville failed to give security in the form of a bond at the time she filed her complaint. The trial court then concludes that, although the instant action is not a proper statutory taxpayer action, Ms. Longville's suit may proceed as a *common law* taxpayer action for which security is not required.

{¶12} As discussed above, R.C. 733.58, the section providing for the filing of a mandamus action, permits such a filing to be made by the village solicitor or the city director of law. Under that provision, there is no authority for Ms. Longville to file an action for

mandamus. R.C. 733.59, the provision permitting filing by a taxpayer, explicitly requires the giving of security as a prerequisite to bringing the statutory action. As the court below determined, Ms. Longville did not meet the condition of the giving of security. *See State ex rel. Citizens for a Better Portsmouth v. Sydnor*, 61 Ohio St.3d 49, 54 (1991). However, Ms. Longville's action would still survive if she has standing to file a common law taxpayer action requesting that the trial court order Akron's law director to enforce the law regarding campaign donations received by Mayor Donald Plusquellic in the 2007 election and subsequent years.

{¶13} In order to determine whether Ms. Longville has standing to file such a common law taxpayer action, we look to the Supreme Court of Ohio's decisions in *State ex rel. Masterson v. Ohio State Racing Commission*, 162 Ohio St. 366 (1954), and *State ex rel. Dann v. Taft*, 110 Ohio St.3d 1, 2006-Ohio-2947. In *Masterson* at 366-367, the taxpayer filed a common law action to obtain an injunction to restrain the Ohio State Racing Commission from "expending funds of the state of Ohio or issuing permits for the conducting of horse racing in this state." The *Masterson* Court affirmed the lower court's decision that the taxpayer lacked standing to file suit, stating that "[i]n the absence of statutory authority, a taxpayer lacks legal capacity to institute an action to enjoin the expenditure of public funds unless he has some special interest therein by reason of which his own property rights are placed in jeopardy." *Id*. at paragraph one of the syllabus. The Court further determined that "private citizens may not restrain official acts when they fail to allege and prove damage to themselves different in character from that sustained by the public generally." *Id*. at 368, citing 39 Ohio Jurisprudence, 22, Section 12.

{¶14} Further, in *Dann* at ¶ 13, the Supreme Court of Ohio stated "we do acknowledge that the common law has long recognized the right of a taxpayer to seek relief from a court of equity to prevent the consummation of a wrong such as an attempt by public officers to make an

illegal expenditure of *public money* or to create an *illegal debt*, which the taxpayer, together with other property holders of the taxing district, may otherwise be compelled to pay." (Emphasis added.)

{¶15} In the present matter, Ms. Longville asked that the trial court issue an order directing Akron's law director to enforce the law regarding donations received by Mayor Plusquellic in the 2007 election and subsequent years. However, Ms. Longville's complaint did not allege any injury to herself or her property, and there is no evidence in the record that Mayor Plusquellic's fundraising practices placed Ms. Longville's property rights in jeopardy. Additionally, there is no allegation that the Mayor's fundraising practices involved the illegal expenditure of public monies or created an illegal debt which Ms. Longville, together with other property holders of the City of Akron, may otherwise be compelled to pay. Finally, Ms. Longville failed to allege and prove any personal damages different in character from those, if any, sustained by the general public. *See Masterson* at 368.

{¶16} Based upon the foregoing, we conclude that the trial court erred as a matter of law in granting Ms. Longville's motion for summary judgment on the issue of mandamus. Similar to the taxpayer in *Masterson*, Ms. Longville did not have standing to institute a common law taxpayer action.

{¶17} The City of Akron's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY ISSUING A WRIT OF MANDAMUS IN EFFECT HOLDING THAT THERE WAS A LEGAL DUTY UPON THE DIRECTOR OF LAW IN THE INSTANT CASE TO ENFORCE THE CITY OF AKRON CHARTER AND CODE SECTIONS ON CONTRIBUTION LIMITS.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT MISAPPLIED THE LAW REGARDING WHEN A PERSON BECOMES A CANDIDATE PURSUANT TO THE CITY OF AKRON CHARTER AND CODE.

{¶18} For ease of discussion, we now address the City of Akron's second and third assignments of error together. In its second assignment of error, the City of Akron argues that there was no clear legal duty upon the law director to enforce Section 5(D) of the City of Akron Charter and Chapter 30, Article 2, Section 30.11 of the Codified Ordinances. In its third assignment of error, the City of Akron argues that the trial court misinterpreted Section 30.10 of the Codified Ordinances in determining that Mayor Donald Plusquellic was a "candidate" for mayor prior to filing his petition for candidacy on June 28, 2007.

{¶19} In sustaining the City of Akron's first assignment of error, we concluded that the trial court erred in granting summary judgment in Ms. Longville's favor because she lacked standing to file a common law taxpayer action, thus rendering mandamus improper. As such, the City of Akron's second and third assignments of error addressing substantive issues relating to the writ of mandamus are moot.

## CROSS-APPEAL ASSIGNMENT OF ERROR

THE TRIAL COURT ERRONEOUSLY DENIED [MS.] LONGVILLE AN AWARD OF HER [ATTORNEY] FEES, BASED ON AN ERRONEOUS DETERMINATION THAT [MS.] LONGVILLE HAD NOT MET THE STATUTORY REQUIREMENTS OF [R.C. 733.59].

{¶20} In her sole assignment of error, Ms. Longville argues that the trial court erred in denying her request for attorney fees pursuant to R.C. 733.59 and R.C. 733.61. In response, the City of Akron contends that Ms. Longville is not entitled to recover attorney fees because R.C. 733.61 only entitles a successful taxpayer to recover their attorney fees in a properly pled statutory taxpayer lawsuit. The City of Akron further contends that Ms. Longville did not meet

the requirements for filing a taxpayer lawsuit set forth in R.C. 733.59 because (1) she failed to submit a written request to the law director regarding her alleged claims, and (2) she failed to give security for the cost of the proceeding.

{¶21} Because we concluded that the trial court erred in granting Ms. Longville's motion for summary judgment, we decline to further discuss whether an award of attorney fees would have been appropriate.

{¶22} Ms. Longville's sole assignment of error is moot.

III.

{¶23} In sustaining the City of Akron's first assignment of error, the judgment of the Summit County Court of Common Pleas is reversed and this cause is remanded to the trial court for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee/Cross-Appellant.

CARLA MOORE
FOR THE COURT

FARMER, J.
CONCURS.

CARR, J.
DISSENTING.

{¶24} Because the majority decided this appeal on a legal issue that was not raised by either party on summary judgment or on appeal, I respectfully dissent.

(Farmer, J., of the Fifth District Court of Appeals, sitting by assignment pursuant to §6(C), Article IV, Constitution.)

APPEARANCES:

DONALD J. MCTIGUE, MARK A. MCGINNIS, and J. COREY COLUMBO, Attorneys at Law, for Appellant/Cross-Appellee.

CHERI B. CUNNINGHAM, Director of Law, for Appellant/Cross-Appellee.

WARNER MENDENHALL, Attorney at Law, for Appellee/Cross-Appellant..