[Cite as *State ex rel. Wengerd v. Underwood*, 2021-Ohio-4601.]

STATE OF OHIO     )            IN THE COURT OF APPEALS
                  )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE   )

STATE OF OHIO EX REL. DAVID
WENGERD

     Relator

                        C.A. No.     19AP0002

     v.

JARRA UNDERWOOD, WAYNE
COUNTY AUDITOR                ORIGINAL ACTION IN MANDAMUS

     Respondent


Dated:  December 30, 2021

PER CURIAM.

{¶1}    Relator, David Wengerd, has petitioned this Court for a writ of mandamus against Respondent, Wayne County Auditor Jarra Underwood ("the Auditor"). Mr. Wengerd seeks to compel the Auditor to ascertain, apportion, and order a division of certain funds and property under R.C. 505.371(D). He also seeks an award of costs and attorney fees. The funds and property that are the subject of Mr. Wengerd's complaint are in the possession of the East Wayne Fire District ("the Fire District"). Upon motion, the Fire District has been joined as a respondent and has answered the complaint. Also pending before this Court is a motion for leave to intervene as a relator filed by Baughman Township. Baughman Township claims an interest in the funds and property that are the subject of Mr. Wengerd's complaint and seeks to file its own writ of mandamus against the Auditor.

{¶2} The Auditor has answered Mr. Wengerd's complaint and has moved for judgment on the pleadings. Mr. Wengerd has responded in opposition to the motion for judgment on the pleadings, and the Auditor has filed a reply. The Auditor also has filed a brief in opposition to Baughman Township's motion for leave to intervene, and Baughman Township has filed a response. Upon review, this Court grants the Auditor's motion for judgment on the pleadings and denies Baughman Township's motion for leave to intervene.

## Background

{¶3} According to the complaint, in 2012, four municipalities executed a joint resolution wherein they agreed to create the Fire District for the purpose of providing each of their municipalities with fire protection services. The four municipalities were Baughman Township, Sugar Creek Township, the Village of Marshallville, and the Village of Dalton. The municipalities executed an amended joint resolution in 2014 and, pursuant to that resolution, agreed to pay the following sums to the Fire District on an annual basis for fire protection services: (1) $70,000 on behalf of Baughman Township; (2) $70,000 on behalf of Sugar Creek Township; (3) $12,600 on behalf of the Village of Marshallville; and (4) $72,000 on behalf of the Village of Dalton. The joint resolution provided that, upon the withdrawal of any municipality from the Fire District, the Auditor would "ascertain, apportion and order a division of the vehicles, equipment, supplies, funds on hand, monies and taxes in the process of collection, except for taxes levied for the payment of indebtedness, credits, and real and personal property, either in money or in kind, on the basis of the valuation of the respective tax duplicates of the withdrawing township or municipal corporation and the remaining territory of the Fire District."

{¶4} According to the complaint, Mr. Wengerd is a taxpayer and citizen of Sugar Creek Township. In December 2016, Sugar Creek Township notified the Fire District that it was

withdrawing from the district, effective January 1, 2017. The Auditor then issued a determination and order in response to Sugar Creek Township's notice of withdrawal. The Auditor determined that Sugar Creek Township was only entitled to a division and distribution of funds from the Fire District's ambulance and emergency services fund. The Auditor calculated the township's share of those funds using the percentage valuation of the respective tax duplicates for each of the Fire District's four municipalities. The Auditor determined that Sugar Creek Township was not entitled to any payment or distributions from the Fire District's general funds, grant funds, or any real or personal property acquired by the Fire District. Following the Auditor's determination and order, Mr. Wengerd filed this complaint against the Auditor.

{¶5} According to the complaint, Baughman Township passed a resolution to withdraw from the Fire District, effective January 1, 2019. The withdrawal was not yet effective at the time Mr. Wengerd filed his complaint, but the complaint alleged that Baughman Township would be seeking a division of the Fire District's funds. The complaint further alleged that Baughman Township had an interest in the Auditor's determination and order with respect to Sugar Creek Township, as Baughman Township would be subject to the same ruling.

{¶6} After Mr. Wengerd filed his complaint for a writ of mandamus, Sugar Creek Township and Baughman Township filed motions for leave to intervene as additional relators. Sugar Creek Township ultimately withdrew its motion because, according to the pleadings, it reached a settlement with the Fire District. Baughman Township's motion for leave to intervene remains pending with this Court.

{¶7} Mr. Wengerd seeks a writ of mandamus to compel the Auditor to comply with her statutory duties under R.C. 505.371 and to ascertain, apportion, and divide the Fire District's general fund, grant fund, and personal property by tax valuation to Sugar Creek Township. He

also seeks an award of costs and attorney fees, claiming that the Auditor acted in bad faith by (1) failing to recuse herself due to a conflict of interest, and (2) relying on an attorney who was not impartial and independent to aid her in the completion of her determination and order. Mr. Wengerd has alleged that the municipal government, citizens, and taxpayers of Sugar Creek Township and Baughman Township have a direct financial interest in the outcome of this action. He also has alleged that this action will provide guidance to other citizens and taxpayers of Ohio, thereby providing a public benefit.

{¶8} The Auditor seeks a judgment on the pleadings with respect to Mr. Wengerd's complaint. The Auditor has argued that she is entitled to judgment on the pleadings because Mr. Wengerd lacks standing to bring this action. The Auditor also opposes the motion for leave to intervene filed by Baughman Township. The Auditor has argued that the determination and order she issued with respect to Sugar Creek Township is not subject to review and, even if it is, her determination and order did not constitute an abuse of discretion. Further, the Auditor has argued that the complaint does not provide a foundation for intervention, as Mr. Wengerd lacks standing. We begin by addressing the Auditor's motion for judgment on the pleadings.

## Judgment on the Pleadings

{¶9} Upon review of a motion for judgment on the pleadings, "a court must construe as true the material allegations made in the complaint, along with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party." *State ex rel. Leneghan v. Husted*, 154 Ohio St.3d 60, 2018-Ohio-3361, ¶ 13. "Judgment is proper only if it appears beyond doubt that the nonmoving party can prove no set of facts entitling it to relief." *Id.* Thus, the court must be able to determine "that no material factual issues exist and that the movant is entitled to judgment as a matter of law." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996).

**Mr. Wengerd's Standing to Proceed**

{¶10} "[B]efore an Ohio court can consider the merits of a legal claim, the person seeking relief must establish standing to sue." *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 469 (1999). "The question of standing depends on whether the [person seeking relief] [has] alleged some basis—grounded in common or statutory law—that entitles [him or her] to have a court hear their case." *Ohioans for Concealed Carry, Inc. v. Columbus*, 164 Ohio St.3d 291, 2020-Ohio-6724, ¶ 20. Mr. Wengerd alleges that he has standing through two alternative means: (1) common-law taxpayer standing, and (2) the public-rights doctrine. We examine each alternative in turn.

<u>Common-Law Taxpayer Standing</u>

{¶11} In *State ex rel. Masterson v. Ohio Racing Commission*, 162 Ohio St. 366 (1954), the Ohio Supreme Court recognized that,

> "[e]ven in the absence of legislation, a taxpayer has a right to call upon a court of equity to interfere to prevent the consummation of a wrong such as occurs when public officers attempt to make an illegal expenditure of public money, or to create an illegal debt, which he, in common with other property holders of the taxing district, may otherwise be compelled to pay."

*State ex rel. Masterson* at 368, quoting 39 Ohio Jurisprudence, 2, Section 2. Mr. Wengerd asserts that he has taxpayer standing pursuant to *State ex rel. Masterson* because he is seeking to prevent Sugar Creek Township from making illegal expenditures by funding the Fire District. Yet, *State ex rel. Masterson* specifically recognized that a taxpayer may not bring an action "to prevent the carrying out of a public contract or the expenditure of public funds unless he had some special interest therein by reason of which his own property rights are put in jeopardy." *State ex rel. Masterson* at 368. The Ohio Supreme Court held that "private citizens may not restrain official

acts when they fail to allege and prove damage to themselves different in character from that sustained by the public generally." *Id.*

{¶12} Mr. Wengerd has not alleged any injury to himself or his property due to Sugar Creek Township's expenditure of public funds. He seeks a writ of mandamus against the Auditor strictly as a resident and taxpayer of the township. Because Mr. Wengerd has failed to allege any damage to himself or his property that differs in character from any damages sustained by the public generally, we must conclude that he lacks standing to institute a common-law taxpayer action. *See id; State ex rel. Walgate v. Kasich*, 147 Ohio St.3d 1, 2016-Ohio-1176, ¶ 19; *State ex rel. Longville v. Akron*, 9th Dist. Summit Nos. 25354, 25356, 2013-Ohio-1161, ¶ 13-16.

<u>The Public-Right Doctrine</u>

{¶13} The public-right doctrine constitutes "an exception to the personal-injury requirement of standing," *Sheward*, 86 Ohio St.3d at 503, and only applies to original actions in mandamus and/or prohibition, *ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, ¶ 10. The doctrine "allows for issues of great public importance and interest to be resolved in an action that involves no rights or obligations peculiar to the named parties." *State ex rel. Walgate* at ¶ 15. "To succeed in bringing a public-right case, a litigant must allege 'rare and extraordinary' issues that threaten serious public injury." *ProgressOhio.org, Inc.* at ¶ 9, quoting *Sheward* at 504. The Ohio Supreme Court has repeatedly emphasized the extraordinary nature of the doctrine and has declined to apply it in numerous instances. *See e.g., State ex rel. Food and Water Watch v. State*, 153 Ohio St.3d 1, 2018-Ohio-555, ¶ 31 ("This court has not granted a public-right-doctrine exception to standing pursuant to *Sheward* in the past 15 years, and we decline to do so today."); *ProgressOhio.org, Inc.* at ¶ 13 ("*Sheward* was a deeply divided, four-to-three decision, and it remains controversial today.").

{¶14} Mr. Wengerd asserts that he has standing to bring this action under the public-right doctrine because this is a rare and extraordinary case. He alleges that the Fire District was illegally created and maintained because it was funded by contributions from government entities rather than by special levy. Citing an Ohio Attorney General Opinion, he argues that "[t]here is no statutory authority * * * to fund the operations of a joint fire district through contributions from those governmental entities that are members of the district." 1994 Ohio Op. Atty. Gen. Ops. No. 94-004, 1994 WL 144816, at *3. According to Mr. Wengerd, Sugar Creek Township withdrew from the Fire District so as not to engage in illegal funding, but the Auditor permitted the Fire District to illegally retain the funds it received from the township. He asserts that he has standing to bring this mandamus action because the illegal expenditure of "limited rural township funds" for critical services such as fire and emergency services "threatens serious public injury."

{¶15} Upon review, Mr. Wengerd has failed to demonstrate that this is the rare and extraordinary case where the public-right doctrine ought to apply. *See State ex rel. Food and Water Watch* at ¶ 31. Whether the Fire District or its four municipalities were engaged in illegal funding is entirely unclear, and the complaint Mr. Wengerd has filed does not seek to resolve that issue. Mr. Wengerd only seeks to compel the Auditor to ascertain, apportion, and divide additional funds to benefit Sugar Creek Township and Baughman Township. That issue is neither extraordinary, nor of great interest to the public generally.[1] *See Sheward*, 86 Ohio St.3d at 471; *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 2005-Ohio-1508, ¶ 47. *Compare State ex rel. Ohio AFL-CIO v. Ohio Bur. of Workers' Comp.*, 97 Ohio St.3d 504, 2002-Ohio-6717, ¶ 11-12 (applying public-interest doctrine where mandamus action challenged

---

[1] Notably, the pleadings reflect that Sugar Creek Township has already settled its dispute with the Auditor by agreement.

statutory scheme that "affect[ed] virtually everyone who works in Ohio"). Because Mr. Wengerd has not alleged a rare and extraordinary issue that threatens serious public injury, we must conclude that he lacks standing to proceed under the public-right doctrine.

### The Auditor is Entitled to Judgment on the Pleadings

{¶16} Construing the material allegations in the complaint as true and making all reasonable inferences in Mr. Wengerd's favor, it appears beyond doubt that he can prove no set of facts entitling him to relief. *State ex rel. Leneghan*, 154 Ohio St.3d 60, 2018-Ohio-3361, at ¶ 13. Mr. Wengerd has failed to establish that he has standing to bring this action in mandamus. As such, the Auditor's motion for judgment on the pleadings is granted.

### Baughman Township's Motion for Leave to Intervene

{¶17} Baughman Township has moved for leave to intervene as of right in this action under Civ.R. 24(A)(2) or, alternatively, to intervene permissively under Civ.R. 24(B). Baughman Township acknowledges that the Auditor has yet to allocate funds to Baughman Township pursuant to its withdrawal from the Fire District. That is because this mandamus action was filed before the Auditor issued a determination and order with respect to Baughman Township. Nevertheless, Baughman Township indicates that it "expect[s] that when the auditor does [allocate funds] she will follow the same faulty formula as was used when Sugar Creek Township left the [Fire District]." Baughman Township seeks to intervene so that it may ensure its own interests are adequately protected. It has attached to its motion to intervene a complaint for writ of mandamus. The complaint alleges that Baughman Township will ask the Auditor to ascertain, apportion, and order a division of the Fire District's funds pursuant to R.C. 505.371(D).

{¶18} "The function of mandamus is to compel the performance of a present existing duty as to which there is a default." *State ex rel. Federal Homes Properties, Inc. v. Singer*, 9

Ohio St.2d 95, 96 (1967). "Mandamus will not lie to remedy the anticipated nonperformance of a duty." *State ex rel. Home Care Pharmacy, Inc. v. Creasy*, 67 Ohio St.2d 342, 343 (1981). Nor will it issue "to compel the general observance of laws in the future." *State ex rel. Kirk v. Burcham*, 82 Ohio St.3d 407, 209 (1998). "[Mandamus] is not granted to take effect prospectively * * *." *Singer* at 96. *Accord State ex rel. King v. Summit Cty. Council*, 9th Dist. Summit No. 21140, 2002 WL 32088041, *4 (Dec. 12, 2002).

{¶19} While intervention is to be liberally granted, *State ex rel. Bohlen v. Halliday*, 164 Ohio St.3d 121, 2021-Ohio-194, ¶ 8, Baughman Township acknowledges that the Auditor has yet to ascertain, apportion, and order a division of the Fire District's funds with respect to Baughman Township. Baughman Township merely anticipates that the Auditor will not comply with her statutory duties and, if permitted to intervene, it seeks a writ of mandamus to remedy that anticipated nonperformance. Because a writ of mandamus will not lie for the type of relief Baughman Township seeks, its motion for leave to intervene is denied.

### Conclusion

{¶20} The Auditor's motion for judgment on the pleadings is granted. Baughman Township's motion for leave to intervene is denied.

{¶21} Costs of this action are taxed to Mr. Wengerd. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).


THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.


APPEARANCES:

WARNER MENDENHALL and LOGAN TROMBLEY, Attorneys at Law, for Relator.

JAMES F. MATHEWS, Attorney at Law, for Respondent Jarra Underwood.

DAVID C. COMSTOCK, JR., Attorney at Law, for Respondent East Wayne Fire District.